No. 793

BOYER v. MALONEY

Ohio Appeals, 9th Dist., Wayne Co.

No. 835.  Decided Oct. 21, 1927.

First Publication of this Opinion.

Syllabus by the Court.

683.  JURY—Where a case has been submitted to a jury in the regular way, and it returns into open court with its verdict, which is received by the court, read by the clerk and filed by him, and entered upon the trial docket and recorded on the journal, and the jury is then allowed to separate, without an order to return for further proceedings in the case, this constitutes, in law, a discharge of the jury.

1235.  VERDICTS—After a jury has rendered its verdict and been discharged from the further consideration of a case, it is error to recall the jury and poll it to determine whether the verdict as rendered is its verdict; and upon such poll being made and the jurors answering that the verdict so rendered is not their verdict, it is also error to send the jury back to its jury room for further deliberation and permit it to return another verdict and enter a judgment upon such verdict.

Error to Common Pleas.

Judgment reversed.

Burch, Bacon, Delinger & Seikel, Akron, and J. O. Fritz, Wooster, for Boyer.

O. D. Everhard, Akron, and Weiser & Weimer, Wooster, for Maloney.

STATEMENT OF FACTS.

In the Common Pleas of Wayne County, Mr. Maloney sued Mr. Boyer to recover a commission for the sale of real estate, and Mr. Boyer, by cross petition, sought a large amount of damages for claimed deceit and fraud practiced by Maloney in the real estate transaction.

On Saturday, Jan. 22nd, the jury returned a verdict for the defendant for $609.

On Monday morning, Jan. 24th, certain proceedings were had which resulted in the same jury bringing in a verdict for $609 for the plaintiff.

Judgment was entered on the second verdict.  The defendant duly objected and excepted to the proceedings on Jan. 24th and to the entry of the judgment, and seeks a reversal of said judgment.

On Monday morning, Jan. 24th, the jurors were called into the court and by direction of the trial judge, the first verdict was read and the jury polled and each juror answered that the verdict was not his verdict.  Thereupon the trial judge asked the jurors if they answered in this manner because they had changed their minds since they had been excused on Saturday, and the jurors answered that they had agreed upon a verdict for said amount in favor of the plaintiff, but a mistake had been made by them and that they had signed the wrong verdict.

The trial judge then directed the jurors to take with them the verdict which had been returned on Saturday and the other forms of verdict which they had in their prior deliberations, and again retire in charge of the bailiff for further deliberation.

Later, the jury returned with the second verdict, and this verdict was regularly received and also entered upon the journal and after the overruling of a motion to strike it from the files of a motion for a new trial, judgment was entered on the second verdict.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

WASHBURN, PJ.

It is the claim of the defendant that the court erred in permitting the jurors to return a second verdict after the first verdict had been returned into and accepted by the court and the jury had been allowed to separate, and in receiving and considering the statements of the jurors for the purpose of impeaching said first verdict by showing an intention different from that disclosed by said verdict.

Our Supreme Court, in the syllabus in a recent case, determined that:

"A juror cannot, by affidavit, impeach his verdict * * * by showing an intention different from that disclosed by his verdict."  Long v. Cassiero, 105 OS. 123.

The above case involved a clear impeachment of the verdict.

Assuming that the statements from the jurors in this case were competent, we are of the opinion that the court was without power to permit the substitution of the second verdict for the first verdict.  With the assent to the verdict as returned in open court, and the court's acceptance of the verdict and discharge of the jury, the jury's function with respect to the case is closed, and they cannot be recalled to alter or amend it.

It is stated that the jury was not "formally" discharged; but after the jury, in the presence of counsel on both sides, had returned its verdict in open court and the verdict had been read by the clerk and no objection was made thereto and no request to poll the jury was made, and the court entered the verdict on the trial docket, there was then no reason for the return of the jury for any further proceedings in the case.  The statute (11457 GC.) provides that, under such circumstances, the jury "shall be discharged from the case"; they were "excused" from further court duty and allowed to disperse; they were not admonished in reference to the case, as would have been required by 11451 GC. if they had not been discharged, and they were not ordered to return for any further proceedings in the case; they were to report Monday morning for duty in other cases.  It seems to us that there can be no question but that, in pursuance of said section, the jury were discharged from further duties in reference to the case.

The jury having been discharged from the case, it was error for the court to reconvene the jury and permit them to return a second verdict and enter judgment thereon.  The circumstances warranted the setting aside of the first verdict and ordering a new trial.  For such error, the judgment is reversed and the cause remanded with instructions to grant the motion for a new trial.

(Funk, J. and Pardee, J., concur.)